E-FILED
Thursday, 30 August, 2018  12:57:17 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,      ) | |
| ) | |
| Plaintiff,      ) | |
| vs.      ) | |
| ) | |
| K CLARK ENTERPRISES, INC., doing business as   ) | Case No. |
| MISSISSIPPI TRUCK & TRAILER, and MICHAEL   ) | |
| HAHN,      ) | |
| ) | |
| Defendants.      ) | |

## COMPLAINT FOR DECLARATORY RELIEF
## PURSUANT TO 28 U.S.C. § 2201 AND 735 ILCS 5/2-701

NOW COMES Plaintiff, ACUITY, A MUTUAL INSURANCE COMPANY, by and through its counsel, ORLEANS CANTY NOVY, LLC, and as and for its Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201 and 735 ILCS 5/2-701, brings the following action against Defendants, K CLARK ENTERPRISES, INC., doing business as MISSISSIPPI TRUCK & TRAILER ("K CLARK"), and MICHAEL HAHN ("HAHN"), and states as follows:

## THE PARTIES

1.      Plaintiff, ACUITY, A MUTUAL INSURANCE COMPANY ("ACUITY"), is an Insurance Company domiciled in Wisconsin, with its principal place of business located in 2800 South Taylor Drive, Sheboygan, Wisconsin and is a Citizen of the State of Wisconsin.

2.      K CLARK is a corporation created under the laws of the State of Iowa with its principal place of business located at 501 30th Avenue Rock Island, Illinois.

3.      HAHN, a natural person is a Citizen of the State of Illinois. *See* Exhibit "A."

## JURISDICTION AND VENUE AS TO DECLARATORY RELIEF REQUESTED

1

4.      This Court has Jurisdiction over the Declaratory Relief Requested 28 U.S.C. §2201 and 28 U.S.C. §1332 where the amount in controversy exceeds $75,000.00, and the Plaintiff and Defendants are citizens of different States.

## FACTUAL BACKGROUND

5.      ACUITY issued an Employment Related Practices Liability Coverage Part, as part of Policy No. X07558 to K CLARK with effective dates of January 1, 2016, through January 1, 2017, and limits of liability of $100,000.00 (the "Policy"). *See* ACUITY's Policy attached hereto as Exhibit "B."

6.      On February 5, 2018, HAHN filed a Complaint in the Fourteenth Judicial Circuit Court of Rock Island County, Illinois. *See* Exhibit "A."

7.      HAHN's Complaint alleges that he was employed by K CLARK until February 22, 2016. *See* Exhibit "A."

8.      The Complaint alleges that on February 15, 2016, HAHN suffered an injury to his right elbow while working for K CLARK and notified his supervisor of his injury and filed a worker's compensation claim for benefits due to the work related injury. *Id.*

9.      It is alleged that K CLARK terminated HAHN in retaliation for him exercising his rights under the Illinois Worker's Compensation Act. *Id.*

10.     HAHN's Complaint states:

[K CLARK's] discharge of [HAHN] was in willful disregard of his rights under the Illinois Worker's Compensation Act, was malicious and/or done with reckless disregard for his rights under the Worker's Compensation Act entitling [HAHN] to recover punitive or exemplary damages in excess of $50,000.00.

*Id.*

2

11.     The *ad damnum* clause of HAHN's Complaint requests an amount in excess of $50,000.00 in compensatory damages and an mount in excess of $50,000.00 for punitive damages. *Id.*

12.     On June 2, 2018, ACUITY agreed to defend K CLARK against the underlying Complaint subject to a full and complete Reservation of Rights based on the allegations set forth in HAHN's Complaint. Attached hereto as Exhibit "C" is a true and correct copy of the June 2, 2018, Reservation of Rights correspondence.

## THE ACUITY POLICY

13.     The Policy contains the following provisions in pertinent part:

## SECTION I – EMPLOYMENT RELATED PRACTICES LIABILITY COVERAGE

### A. Insuring Agreement
1. We will pay those sums the insured becomes legally obligated to pay as damages resulting from a "wrongful act" to which this insurance applies. . . We may with your written consent, settle any "claim" that may result. But:
   a. The amount we will pay for damages and "defense expenses" is limited as described in Section III – Limit of Insurance and in Section IV – Deductible; and
   b. The coverage and duty to defend provided by this policy will end when we have used up the applicable limit of insurance for "defense expenses" or the payment of judgments or settlements.
2. This insurance applies to "wrongful acts" . . .

\*\*\*

### B. Exclusions
This Insurance does not apply to:

\*\*\*

4. **Violation of Laws Applicable to Employers**
   A violation of your responsibilities or duties required by any other federal, state, or local statutes, rules or regulations, and any rules or regulations promulgated therefor or amendments thereto, except for the following, and including amendments thereto: Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, the Pregnancy Discrimination Act of 1978, the Immigration Reform and Control Act of 1986, the Family and Medical Leave Act of 1993 and the Genetic

Information Nondiscrimination Act of 2008 or any other similar state or local statutes, rules or regulations to the extent that they prescribe responsibilities or duties concerning the same acts or omissions.

\*\*\*

## SECTION II – WHO IS AN INSURED
    **A.** If you are designated in the Declarations as:

\*\*\*

        **4.** An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are also insureds.

\*\*\*

## SECTION III – LIMIT OF INSURANCE

\*\*\*

    **B.** The Limit of Insurance is the most we will pay for the sum of:
        **1.** All damages; and
        **2.** All "defense expenses"

because of all "wrongful acts" to which this insurance applies.

\*\*\*

## SECTION VII – DEFINITIONS (as amended by Endorsement EP 01 16 09 11)

    **A.** "Claim" means a "suit" or demand made by or for a current, former or prospective "employee" for damages because of an alleged "wrongful act."

    **C.** "Defense expenses" means payments allocated to a specific "claim" we investigate, settle, or defend, for its investigation, settlement or defense, including:

        **1.** Fees and salaries of attorney's and paralegals we retain.
        **2.** Fees of attorneys the insured retain when, by our mutual agreement or court order (or when required by administrative hearing or proceeding), the insured is given the right to retain defense counsel to defend against a "claim."
        **3.** All other litigation or administrative hearing expenses, including fees or expenses of expert witnesses hired either by us or by the defense attorney retained by an insured.
        **4.** Reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the "claim," including actual loss of earnings up to $250 a day because of time off from work.
        **5.** Costs taxed against the insured in the "suit."

4

"Defense expenses" does not include salaries and expenses of our "employees" or in the insured's "employees" (other than those described in Paragraphs 4. above).

**E.** "Employee" includes a "leased worker" and a "temporary worker" but does not include an independent contractor.

**J.** "Wrongful act" means one or more of the following offenses, but only when they are employment related:

***

**2.** Wrongful termination, meaning the actual or constructive termination of an "employee"

***

**5.** Retaliatory action against an "employee" because the "employee" has:
   **a)** Declined to perform an illegal or unethical act;
   **b)** Filed a complaint with a governmental authority or a "suit" against you or any other insured in which damages are claimed;
   **c)** Testified against you or any other insured at a legal proceeding; or
   **d)** Notified a proper authority of any aspect of your business operation which is illegal;

***

## COUNT I – DECLARTORY JUDGMENT

14.   Plaintiff, ACUITY, hereby incorporates Paragraphs 1-13 of the above Paragraphs as Paragraph 14 as if fully stated herein.

14.   That pursuant to 28 U.S.C. § 2201, ACUITY is entitled to a judicial determination concerning the scope and nature of its rights and obligations under the policy issued to its insured, K CLARK, with respect to the Claims brought under the policy in connection with the incident alleged in HAHN's Complaint.

15.   Similarly, pursuant to 735 ILCS 5/2-701, the Court "may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments."

16.   HAHN's Complaint alleges a violation of the Illinois Worker's Compensation Act (820 ILCS 305/4) and under Illinois common law which recognizes a cause of action for

5

retaliatory discharge/termination.  *See Kelsey v. Motorola, Inc.*, 74 Ill.2d 172 (1978); Exhibit "A."

17.    Exclusion, Section I B, under the ACUITY Policy precludes coverage for a "violation of [K CLARK's] responsibilities or duties required by any other federal, state, or local statutes, rules or regulations . . ."  Moreover, Illinois public policy prohibits insurance coverage for punitive damages liability that arises out of one's own misconduct.  *See Beaver v. Country Mutual Insurance Co.*, 95 Ill.App.3d 1122 (5th Dist. 1981).

18.    Additionally, the Policy contains a provision in which the "coverage and duty to defend provided by this policy will end when we have used up the applicable limit of insurance for "defense expenses" or the payment of judgments or settlements."  *See* Exhibit "B."

19.    Accordingly, a case of actual controversy exists vesting this Court to make a binding declaration of rights concerning the ACUITY Policy.

20.    ACUITY is entitled to a declaration that its Policy does not afford coverage where the underlying Complaint alleges that K CLARK violated a Federal, State, or local statutes, rules or regulations.

21.    ACUITY is further entitled to a declaration that the Policy does not afford coverage for punitive damages as against public policy.

22.    Finally, ACUITY is entitled to a declaration that the coverage and duty to defend under the Policy ends when ACUITY has used up the applicable limit of insurance ($100,000.00) for "defense expenses" or the payment of judgments or settlements.

WHEREFORE, ACUITY, A MUTUAL INSURANCE COMPANY, prays that:

a.    The Court declare that ACUITY, A MUTUAL INSURANCE COMPANY's Policy does not afford coverage because K CLARK has violated a Federal, State or local statute, rules or regulations;

b.    The Court declare that ACUITY, A MUTUAL INSURANCE COMPANY's Policy does not afford coverage for punitive damages;

c.    That ACUITY, A MUTUAL INSURANCE COMPANY's Policy's coverage and duty to defend ends when ACUITY has used up the applicable limit of insurance ($100,000.00) for "defense expenses" or the payment of judgments or settlements;

d.    That ACUITY, A MUTUAL INSURANCE COMPANY does not have an obligation to satisfy judgment or pay settlements under the Policy;

e.    That the Court grant such further or other relief as it deems just and proper under the circumstances.

**Jury Trial Demanded on all issues so triable**

ACUITY, A MUTUAL INSURANCE COMPANY,
Plaintiff,

By: _/s/ Jason Orleans_____
            One of Its Attorneys

Jason Orleans (6258048IL)
Jorleans@ocnlaw.com
Roenan Patt (ARDC 6309884)
rpatt@ocnlaw.com
ORLEANS CANTY NOVY, LLC
325 Washington Street, Suite 400
Waukegan, IL 60085
Telephone:  (847) 625-8200
Fax:  (847) 625-8262